DeadericK, Ch. J.,
delivered the opinion of the court:
This case involves the right to two bales of cotton. Judgment was in favor of Elder, and Williams, the plaintiff below, has appealed.
The writ was brought by Elder, in replevin, and the cotton was taken out of Williams’ possession and delivered to Elder. Williams claimed a lien on the cotton, as landlord, for the rent of the premises upon which it was produced. Elder insists that Williams allowed his tenant to take cotton to Trenton, and offer it for sale as his own, without operating any lien thereon. It appears that 'Wil-iams, with cotton of his own for sale, accompanied, his tenant to Trenton, with the two bales, which he brought to town for sale, 'Williams intending to get the balance due him for rent when his tenant received the money for his cottopi. The tenant told Williams he would not sell at the price offered, but would leave it in store for sale *630 upon a rise of the price. But he did, after this, and upon the same day on which he brought the cotton to market, sell it to Elder, and received the money for it, Elder having no knowledge of any lien in favor of Williams on the cotton. Upon these facts, the court charged the jury that a landlord has a lien on the crops grown by his tenant on the rented premises, which he may enforce against the crop wherever he may find it, if it is done at any time within three months after the rent fell due. But if he authorizes the tenant, directly or indirectly, to put the crop on the market and sell the same, and the tenant does so, by and with the authority of the landlord, either direct or indirect, then the purchaser would get a good title.
We think this instruction was correct, and that there is sufficient evidence in the record to sustain the verdict of the jury, and the judgment will be affirmed.